| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br><br>Address of Court:   201 La Porte Avenue, Suite 100<br>                              Fort Collins, CO 80521<br>                              (970) 494-3500<br><br>─────────────────────────────────────────<br><br>**DIBZEE INVESTMENTS, LLC**<br>Petitioner,<br><br>v.<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY,**<br>**an Ohio company,**<br>Respondent.<br><br>─────────────────────────────────────────<br>**ATTORNEY FOR PETITIONER:**<br>Merlin Law Group, P.A.<br>William C. Harris, Esq., Bar No. 49292<br>777 S. Harbour Island Blvd., Suite 950<br>Tampa, Florida 33602<br>Phone Number: (813) 229-1000<br>E-Mail: Charris@merlinlawgroup.com | DATE FILED: July 15, 2017 9:32 AM<br>FILING ID: 2EF8E3AFC9B7C<br>CASE NUMBER: 2017CV30592<br><br><br><br>**FOR COURT USE ONLY**<br>─────────────────────<br>Case Number:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

**PLAINTIFF**, DIBZEE INVESTMENTS, LLC ("DIBZEE INVESTMENTS"), by and through its undersigned counsel, submits this Complaint and Jury Demand against Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE"), and in support thereof allege and aver as follows:

### I.   NATURE OF CLAIMS

1.   DIBZEE INVESTMENTS brings this action seeking economic and non-economic damages related to NATIONWIDE'S breach of the insurance contract, unreasonable delay of benefits, improper delay and denial of claim and statutory claims pursuant to C.R.S. §§

10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from NATIONWIDE'S handling of an insurance claim.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Colorado Constitution Art. VI, Sec. 9.

3. Venue is proper in the Larimer County because the parties' contract for Defendant's services was executed there and the facts and circumstances giving rise to this complaint occurred in Loveland, Littleton County, Colorado.  Venue is proper in this Court pursuant to C.R.C.P. 98(c).

## III.   FACTUAL ALLEGATIONS

4. This is an insurance case arising from NATIONWIDE'S refusal to provide full benefits to Plaintiff based on an improper and wrongful investigation.

5. DIBZEE INVESTMENTS sought and obtained a Commercial Property Insurance Policy from NATIONWIDE, bearing Policy No. ACP CPP 7515397736 (the "Policy") for the its insured property, with a policy period of December 12, 2012 to December 12, 2013.  A copy of the policy declarations are attached as **Exhibit "1"**.

6. DIBZEE INVESTMENTS made all premium payments owed on the policy and the policy was in full force and effect at times material hereto.

7. In exchange for the premiums paid, NATIONWIDE promised to perform according to the terms and provisions of the Policy.

8. While the policy was in effect, DIBZEE INVESTMENTS sustained severe damages to its insured property as a result of a wind/hail storm.

9. Damages caused by a wind/hail storm are covered under the policy

10. DIBZEE timely reported the covered loss and damage to NATIONWIDE.

11. Despite the foregoing, NATIONWIDE failed and/or refused to timely tender the full amounts owed under the Policy and failed and/or refused to timely confirm coverage for the amounts necessary to repair the damaged property.

12. Instead, NATIONWIDE and its representatives unreasonably delayed the claim, unreasonably withheld payment, and refused to come to an agreement on the amounts owed.

13. After a cursory and incomplete investigation, NATIONWIDE issued payment to DIBZEE INVESTMENTS for $24,814.76 and denied any further payments were owed.

14. After significant delays caused by NATIONWIDE, the parties participated in the binding appraisal process pursuant to the terms and conditions of the policy.

15. An appraisal award was entered on May 17, 2017 in the amount of $3,306,597.56. The award was signed by the appraisers for both parties as well as the umpire.  A copy of the appraisal award is attached hereto as **Exhibit "2"**.

16. NATIONWIDE tendered the actual cash value of the award, minus prior payments and deductible, on or about June 8, 2017.

17. NATIONWIDE has, however, failed and/or refused to tender the full amount of the award or statutory interest owed pursuant to Colorado law.

18. NATIONWIDE failed to properly investigate and adjust DIBZEE INVESTMENTS' loss.

19. NATIONWIDE'S conduct described above was willful and wanton and done heedlessly and recklessly without regard of the consequences to its insured.

20. NATIONWIDE knew or should have known that its actions described above were unreasonable.  NATIONWIDE has acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages that resulted from its bad faith.

21. NATIONWIDE is contractually and statutorily required to timely tender owed insurance benefits.

22. DIBZEE INVESTMENTS complied with the Policy and provided NATIONWIDE with all requested documents and information needed for NATIONWIDE to timely tender owed insurance benefits.

23. Nonetheless, NATIONWIDE has failed to comply with its contractual and statutory obligations to its policyholders.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

24. DIBZEE INVESTMENTS re-alleges Paragraphs 1-21 as if fully set forth herein.

25. DIBZEE INVESTMENTS entered into a valid and enforceable insurance contract with NATIONWIDE.

26. Although DIBZEE INVESTMENTS fully complied with the contract, NATIONWIDE has breached the insurance contract through the conduct of it and its agents/representatives. NATIONWIDE breached the insurance contract by, among other things, failing to perform a prompt and fair investigation of the damages, failing to pay the full amounts owed under the policy, and failing to comply with the appraisal provision when invoked by DIBZEE INVESTMENTS.

27. As a result of NATIONWIDE'S breaches of the insurance contract, DIBZEE INVESTMENTS has suffered, and continue to suffer, damages.

**WHEREFORE** Plaintiff, DIBZEE INVESTMENTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, on its Claim for Relief and award Plaintiff:

1. All unpaid insurance benefits;

2. All compensatory damages;

3. All consequential damages as a result of the breach;

4. Pre and post judgment interest;

5. Costs, expert witness fees, and attorney fees incurred as permitted by law; and

6. Other such relief as this Court deems just and appropriate.

**SECOND CLAIM FOR RELIEF**

**(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

28. DIBZEE INVESTMENTS incorporates the allegations contained in the paragraphs 1-25 above as though fully set forth herein.

29. DIBZEE INVESTMENTS suffered a loss to property covered by the Policy, and it submitted a claim to NATIONWIDE for that loss.

30. The claimed loss and damage submitted by DIBZEE INVESTMENTS is covered by the Policy and DIBZEE INVESTMENTS was owed full benefits under the Policy.

31. NATIONWIDE refused to timely pay for the full scope of damages.

32. NATIONWIDE has delayed and failed to timely pay the full covered benefits without a reasonable basis for its actions and continues to delay and refuse to pay covered benefits without a reasonable basis for its actions.

33. The position taken by NATIONWIDE deprived DIBZEE INVESTMENTS of covered benefits and the positions asserted by NATIONWIDE lack a reasonable basis upon which to refuse timely payment of the full benefits that were due and owing under the Policy.

34. NATIONWIDE'S actions and inactions in the claim were unreasonable and resulted in a delay and/or denial of owed benefits.

35. Thus, NATIONWIDE is responsible to DIBZEE INVESTMENTS for remedies as provided by C.R.S. § 10-3-1116 for its violation of C.R.S. § 10-3-1115.

36. DIBZEE INVESTMENTS is therefore entitled to two times the amount of covered benefits, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE** Plaintiff, DIBZEE INVESTMENTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, on its Claim for Relief and award Plaintiff:

1. Two times the amount of all covered benefits;

2. Costs, expert witness fees, and attorney fees incurred as permitted by law;

3. Pre and post judgment interest; and

4. Any other such relief as this Court deems just and appropriate.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

37. DIBZEE INVESTMENTS incorporates Paragraphs 1-34 as though fully set forth herein.

38. NATIONWIDE had a duty to act reasonably and in good faith in the handling and payment of DIBZEE INVESTMENTS' insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim and determining the amounts owed under the Policy.

39. Pursuant to the Policy, NATIONWIDE owed DIBZEE INVESTMENTS the duty of good faith and fair dealing.

40. NATIONWIDE breached its duty to act reasonably and in good faith by, *inter alia*, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this

matter; (2) failing to appropriately value the entire loss; (3) favoring its interests to the exclusion of its policyholder; (4) failing to effectuate prompt, fair and equitable resolution of its policyholder's claim after liability had become clear; (5) conducting an incomplete, or outcome-oriented investigation of the loss; (6) not properly evaluating estimates and reports of the loss submitted to it by DIBZEE INVESTMENTS' representatives; (7) incorrectly valuing the claim; (8) compelling DIBZEE INVESTMENTS to retain insurance claims professionals to assist them in the submission of their claim; and (9) otherwise unreasonably and improperly handling of DIBZEE INVESTMENTS' claim as provided for by C.R.S. § 10-3-1104.

41. NATIONWIDE overlooked material facts, misrepresented the policy terms a nd coverages, and refused to conduct a timely investigation in its adjustment of this claim.

42. NATIONWIDE knew/should have known that its conduct was unreasonable and/or NATIONWIDE recklessly disregarded the fact that its conduct was unreasonable.

43. NATIONWIDE'S conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

44. NATIONWIDE'S bad faith conduct has caused DIBZEE INVESTMENTS to suffer, and to continue to suffer, damages including out-of-pocket expenses, attorneys' fees and costs incurred pursuing the claim and bringing this lawsuit.

**WHEREFORE** Plaintiff, DIBZEE INVESTMENTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, on its Claim for Relief and award Plaintiff:

1. All compensatory damages;
2. All consequential damages incurred as a result of NATIONWIDE'S conduct;
3. Costs, expert witness fees, and attorney fees incurred;
4. Pre and post judgment interest; and

5.   Any other such relief as this Court deems just and appropriate.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment Regarding Interest)

45.   DIBZEE INVESTMENTS incorporates Paragraphs 1-42 as if fully set forth herein.

46.   This Court has jurisdiction over this declaratory judgment action pursuant to C.R.S. 13-51-101, *et. seq.*

47.   DIBZEE INVESTMENTS timely notified NATIONWIDE of the wind/hail damage to its property.

48.   After performing a cursory and inadequate investigation, NATIONWIDE issued payment for $24,814.76 and denied payment for any additional amounts.

49.   On or about June 8, 2015, DIBZEE INVESTMENTS provided NATIONWIDE with a sworn statement in proof of loss pursuant to NATIONWIDE'S request.

50.   NATIONWIDE rejected the amounts contained in the proof of loss and refused to tender any additional amounts.

51.   On May 17, 2017, an appraisal award was entered in the amount of $3,306,597.56.

52.   NATIONWIDE tendered the actual cash value of the award, minus prior payments and deductible, on or about June 8, 2017.

53.   Pursuant to C.R.S. 5-12-102 *et. seq.*, NATIONWIDE wrongfully withheld insurance benefits that were due and owing DIBZEE INVESTMENTS.

54.   PURSUANT to C.R.S. 5-12-102 *et. seq.*, NATIONWIDE is required to pay interest on the monies withheld.

55.   DIBZEE INVESTMENTS has requested on numerous occasions that NATIONWIDE pay the amounts statutorily owed for interest.  NATIONWIDE has failed and/or refused to do so.

56.     Pursuant to C.R.S. 13-51-101, *et. seq.*, this Court has the power to declare rights status, and other legal obligations of the parties in this matter.

57.     DIBZEE INVESTMENTS seeks a declaration from the Court regarding the legal obligations of the parties pursuant to the payment of insurance benefits under the Policy. Specifically, DIBZEE INVESTMENTS requests a declaration that NATIONWIDE is required to pay interest on the amounts owed under the policy from the date that the wrongful withholding occurred.

**WHEREFORE** Plaintiff, DIBZEE INVESTMENTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, on its Claim for Relief and find that NATIONWIDE is required to DIBZEE INVESTMENTS statutory interest on all withheld policy benefits as well as any other such relief as this Court deems just and appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 15th day of July, 2017.

                          MERLIN LAW GROUP

                          */s/ William C. Harrris*
                          **William C. Harris, Esquire**
                          777 S. Harbour Island Blvd., Suite 950
                          Tampa, Florida 33602
                          Telephone:   813-229-1000
                          Facsimile:   813-229-3692
                          charris@merlinlawgroup.com

NATIONWIDE MUTUAL INSURANCE COMPANY  
1100 LOCUST ST DEPT 1100  
DES MOINES, IA 50391-2000

RENEWAL

## DECLARATIONS

| Policy Number: | ACP CPP 7515397736 | COMMERCIAL PROPERTY |
|---|---|---|
| Named Insured: | DIBZEE INVESTMENTS, LLC | |
| Mailing Address: | 1000 S LINCOLN AVE STE 195 LOVELAND CO 80537-6338 | |
| Agent: Address: | AGENT SUPPORT NETWORK OF CO LOVELAND CO 80538 | 05-28453 |

Policy Period: This policy is effective from 12/12/12 to 12/12/13 12:01 A.M. Standard time at the above mailing address.

This policy is subject to the following forms. Forms specific to a certain building or item can be found with the specific building and item information on the following pages.

| FORM | DATE | PREM | FORM | DATE | PREM | FORM | DATE | PREM |
|---|---|---|---|---|---|---|---|---|
| CP0010 | 0607 | 0 | CP0090 | 0788 | 0 | CP0140 | 0706 | 0 |
| CP1032 | 0808 | 0 | CP1270 | 0996 | 0 | IL0017 | 1198 | 0 |
| IL0935 | 0702 | 0 | IN7404 | 0107 | 0 | CP7133 | 1011 | 0 |
| CP7117 | 0604 | 789 | CP7118 | 0604 | 0 | 13614 | 1185 | 0 |
| IN5017 | 0593 | 0 | IN7589 | 1011 | 0 | IN7591 | 1011 | 0 |

Mortgagee and loss payee information - See schedules CP-DM and CP-DL

Replacement or Renewal Number ACP CPP 7505397736

Countersigned _____ By _____  
Date      Authorized Representative

Premium for Certified Acts of Terrorism $ 0.00  
Total Annual Premium $ 9,673.00

Total Policy Premium $ 9,673.00

CP-D (10-98)  
DIRECT BILL R EJP148 12334

EXHIBIT

ACP CPP 7515397736 821793462 75 0000788

80.50 1105 00

## APPRAISAL AWARD
### Dibzee Investments, LLC

Claim No.: 7205093075PE13060151
Policy No.: ACP CPP 07515397736
Date of Loss: 06/01/2013
Location of Loss: 1000 S Lincoln Ave. Loveland, CO 80537

We, the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientiously performed the duties assigned us, agreeable to the foregoing stipulations, and have appraised and determined and do hereby award as to the amount of loss due to wind/hail, which occurred on or about the 06/01/2013, the following wit:

| Amount of Loss | RCV | ACV |
|---|---|---|
| Building: | $3,250,308.04 | $2,967,456.50 |
| Code: | not appraised | not appraised |
| Interior: | $56,289.52 | $47,289.52 |

Witness out hands this 17th day of MAY 2017.

WE DO HEREBY FURTHER CERTIFY that the cause of loss for all appraised damages is damage due to __wind/hail_____.

This award is made without consideration for any prior partial payments or advanced payments made to the insured under the above coverage's or the deductible.

WE DO HEREBY AWARD the forgoing sums as our Appraisal Award.

_Kent Sutherland_
Kent Sutherland
Appraiser for Carrier

_Brian J. Haden_
Brian Haden
Appraiser for Insured

_R. Thomas Moorhead_
Hon. Thomas Moorhead
Umpire


EXHIBIT "2"